FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAY 30  A 11: 54
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NATIONAL ELECTRICAL
BENEFIT FUND,

    Plaintiff,

v.       Case No.: GJH-17-1540

ALLAN/BRITE-WAY ELECTRICAL
CONTRACTORS, INC., *et al,*

    Defendant.

## MEMORANDUM OPINION

Plaintiff National Electrical Benefit Fund ("Plaintiff" or "NEBF") brings this action against Defendants Allan/Brite-Way Electrical Contractors, Inc. ("AB Electrical") and Allan Briteway Electrical Utility Contractors, Inc. ("AB Utility") (collectively, the "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Now pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b), ECF No. 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is granted, and judgment is entered against Defendants in the amount of $240,107.81.

### I.    BACKGROUND

The following facts are established by the Amended Complaint, ECF No. 8, and evidentiary exhibits in support of the Motion for Default Judgment, ECF Nos. 12-1, 12-2. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of

ERISA, 29 U.S.C. § 1002(2), which has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 8 ¶ 4.[1] Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. *Id*. The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. *Id.*

Plaintiff states upon information and belief that AB Electrical is a New Jersey corporation whose business address and main place of business is 2360 Lexington Avenue, 6th Floor, New York, NY 10017. ECF No. 8 ¶ 5. Plaintiff states upon information and belief that AB Utility is a New Jersey corporation whose business address and main place of business is 130 Algonquin Parkway, Whippany, NJ 07981. ECF No. 8 ¶ 6. Defendants are employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and are engaged in an industry affecting commerce. *Id.* ¶¶ 5–6. NEBF alleges that AB Utility is an "alter ego and/or successor or parallel corporation to AB Electrical and is equally liable." *Id.* ¶ 33.

At all times relevant to the action, Defendants were signatories to collective bargaining agreements with IBEW Local Unions 3, 98, 102, 104, 164, 222, 269, 351, 456, and 1249, as the collective bargaining representatives for Defendants' employees. *Id.* ¶ 7. According to the Amended Complaint, the collective bargaining agreements obligated Defendant to submit contributions to the NEBF on behalf of employees covered by the Agreements. *Id.* Defendants were also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust ("Trust Agreement"), which governed administration of the NEBF. *Id.* ¶ 8. The Trust Agreement obligated Defendants to make certain monthly contributions, and provided for the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

collection of interest, liquidated damages, and audit fees regarding delinquent contributions. *Id.* ¶¶ 16–18.

Defendants allegedly failed to timely report or contribute to NEBF for work performed by Defendant's covered employees between 2011 and 2015. According to an audit conducted by an independent auditor in January 2015, AB Electrical failed to report a total of $937.15 in contributions due for the work performed by employees covered by the Collective Bargaining Agreement with IBEW Local Union 102 during the years 2011 and 2012. *Id.* ¶ 11. According to an audit conducted by an independent auditor in November 2016, AB Electrical failed to report a total of $147,186.36 in contributions due for the work performed by employees covered by the Collective Bargaining Agreements during the years 2014 and 2015. *Id.* ¶ 10. Furthermore, AB Electrical failed to pay $9,532.37 in contributions that were reported to NEBF. *Id.* ¶ 12. NEBF made demands that AB Electrical pay the contributions, but AB Electrical has refused to do so. *Id.* ¶ 13.

Plaintiff filed the initial Complaint on June 5, 2017, ECF No. 1, and the Clerk entered default against Defendants on July 17, 2017, ECF No. 7. Plaintiff filed the instant Amended Complaint against Defendants on August 8, 2017, "to include amounts due NEBF that had been inadvertently omitted from [the] original Complaint." ECF No. 8; ECF No. 12 at 2. Defendants were served on August 9 and August 10, 2017. ECF Nos. 9–10. An Answer from Defendants was due on or before August 30 and 31, 2017. *Id.* On September 8, 2017, with no answer having been filed, Plaintiff again moved for default. ECF No. 11. The Clerk entered default against Defendants on May 24, 2018. ECF No. 13. Plaintiff now seeks default judgment against Defendants in the amount of $148,123.51 in unreported contributions; $9,532.37 in unpaid reported contributions; $43,588.45 in interest; $31,531.20 in liquidated damages; $4,186.18 in

3

audit costs; and, $3,146.10 in attorney's fees — for a total of $240,107.81, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). ECF No. 12-2 at 3–4.

## II.  STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may hold a hearing to prove damages, it is not required to

do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the NEBF is administered in Rockville, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). In the Amended Complaint, Plaintiff alleges that Defendants were obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to report and make contributions to NEBF, but failed to do so between 2011 and 2015, leaving an outstanding contribution balance of $157,655.88. *See* ECF No. 8 at 3–5. The Affidavit of Angel Losquadro, Director of the Audit and Delinquency Department of the NEBF and the accompanying exhibits further establish that Defendant underpaid NEBF by this amount. ECF No. 12-2. Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has

established Defendants' liability under the Collective Bargaining Agreements, Trust Agreement, and ERISA.

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of—
        i. interest on the unpaid contributions, or
        ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012).

In support of its request for damages, Plaintiff submits a Delinquency Report for the months of September 2011 through September 2017, ECF No. 12-2 at 68–72, and the Affidavit of Angel Losquadro, *id.* at 1–4. The Report indicates that $9,532.27 of contributions were delinquent, and that an audit found that an additional $148,123.51 of contributions were unreported. *Id.* at 72.

Losquadro attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), NEBF is authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency, as well as its audit costs. ECF No. 12-2 at 2, ¶¶ 6, 14. Thus, Plaintiff has established that in addition to the unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A), Defendants owe $43,588.45 in interest on the delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(B), $31,531.20 in liquidated damages, *see* 29 U.S.C. § 1132(g)(2)(C)(ii), and $4,186.18 in audit expenses, *see* ECF No. 12-2 at 12.

In support of Plaintiff's request for attorneys' fees and costs in an amount of $3,146.10, Plaintiff attaches the Affidavit of attorney Jennifer Bush Hawkins. ECF No. 12-1. Hawkins, who has been an attorney for more than twenty years, explains that work was done on this matter by herself, which was billed at $379 per hour, and a legal assistant, which was billed at $139 per hour.[2] *Id.* ¶ 5. The total attorney's fees amount to $1,746.10, which represents 2.7 hours of work done by Hawkins and 5.2 hours done by a legal assistant. *Id.* at 2–3. Furthermore, Plaintiff's counsel incurred $1,400.00 of legal costs for the filing and service of process of the original and Amended Complaint. *Id.* at 4, 8–13. The Court finds the time billed and hourly rate applied to be reasonable and commensurate with the Local Guidelines (D. Md. July 1, 2016). Therefore, the request will be granted in full. *See Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *4 (D. Md. Jan. 6, 2017) (awarding attorneys' fees and expenses to same counsel for NEBF). Defendant therefore owes $3,146.10 in attorneys' fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D).

IV. **CONCLUSION**

---

[2] Courts in ERISA cases such as this one have allowed plaintiffs to collect the fees billed for work done by legal assistants or paralegals. *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 689 (D. Md. 2013); *Nat'l Elec. Benefit Fund v. Bullet Elec., Inc.*, No. TDC-17-576, 2017 WL 3908855, at *7 (D. Md. Sept. 6, 2017).

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 12, is granted against Defendants in the total amount of $240,107.81. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: May 29, 2018

/s/ 
GEORGE J. HAZEL
United States District Judge